| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Mark Milton, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-11-1954 |
| | § | |
| Stryker Corporation, et al., | § | |
| | § | |
| Defendants. | § | |

# Opinion on Summary Judgment

1.  *Introduction.*

After shoulder surgery, a man had a pain-relief pump placed in his shoulder. After seven years of pain, he sued the pump manufacturer, saying that it destroyed the cartilage in his shoulder. The manufacturer says that the two-year limit on his claim has expired. He responds that the limit was tolled until he discovered the cause of the injury more than four years after the surgery. The manufacturer will prevail.

2.  *Background.*

On October 25, 2004, Mark Milton had surgery on his right shoulder. After the operation, his doctor placed a pump – made by Stryker – in his shoulder. The pump released pain-relief medicine to aid recovery. Complaining of continued shoulder pain, he saw his doctor on November 24, 2004. The doctor told him that pain was to be expected after the surgery. Although he still had problems with his shoulder for years after the surgery, it was not until May 27, 2009, that his doctor looked at an x-ray image and diagnosed chondrolysis, total loss of the articular cartilage in the shoulder. Almost two years after that diagnosis and more surgery, he sued Stryker on May 23, 2011, for a defective pump, negligence, breach of warranty, and fraudulent concealment. On August 15, 2011, he withdrew his claims of breach and concealment.

3.  *Tolling.*

Stryker says that Milton's claims for negligence and a defective product are barred because more than two years have passed since the operation in 2004.[1] Milton says that his claims were tolled until he discovered the cause of his pain in May of 2009.

His facts show that he knew of the injury from continued pain and that he neglected to investigate its cause.[2] He has no fact to suggest that he complained repeatedly to his doctor about the pain, demanded more tests, asked for a referral, or consulted another doctor independently.[3] Still suffering from shoulder pain for more than four years after the surgery, he did nothing to find the cause.

The rule that he could sue within two years of his discovering his injury does not apply to the discovery of the cause of the injury. The pain was his notice of an injury; nothing was concealed. He had two years to have reasonably investigated the source of his continuing pain. Since chondrolysis occurs within months after surgery, he would have discovered the cause of his injury promptly after the surgery. Even with a conventional allowance for discovery of what caused the harm and who might be responsible within two years – by the end of 2006 – limitations have run. His claims are too late.

4.  *Conclusion.*

Because Milton did not investigate his injury, he cannot extend the statute of limitations. Mark Milton will take nothing from Stryker Corporation and Stryker Sales Corporation.

Signed on January 30, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] Tex. Civ. Prac. & Rem. Code § 16.003(a) (2011).

[2] *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990).

[3] *Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 296 (Tex. 2010).